UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

VICTORIA WILLIAMS,

        Plaintiffs,                            CASE NO.:

vs.

AP NAIL LOUNGE, INC,
a Florida Profit Corporation;
PASSION NAIL LOUNGE, INC.,
a Florida Profit Corporation;
ANNIE PHAN, in her individual capacity; and
BENJAMIN NGUYEN, in his individual capacity,

        Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, VICTORIA WILLIAMS (hereinafter "WILLIAMS"), by and through her undersigned Counsel, and sues the Defendants, AP NAIL LOUNGE, INC, a Florida Profit Corporation, PASSION NAIL LOUNGE, INC., a Florida Profit Corporation, ANNIE PHAN, in her individual capacity, and BENJAMIN NGUYEN, in his individual capacity (hereinafter "DEFENDANTS"), alleging the following:

## INTRODUCTION

1.      WILLIAMS brings this action against DEFENDANTS for failure to pay overtime wages in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1.      This Court is vested with federal question jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C § 1311 and 29 U.S.C. § 216(b).

2.      Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C §1391(b), because all actions giving rise to this claim arose in the Judicial Circuit.

3.      All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

4.      At all times material hereto, WILLIAMS was, and is, a resident of Palm Beach County, Florida, and was an "employee" of DEFENDANTS as defined by the FLSA.

5.       At all times material hereto and currently, Defendant, PASSION NAIL LOUNGE, INC., was/is duly authorized and licensed to do business in Palm Beach County, Florida.

6.      In 2022, PASSION NAIL LOUNGE, INC. was purchased by Defendants, ANNIE PHAN and BENJAMIN NGUYEN.

7.      Upon information and belief, Defendants, ANNIE PHAN and BENJAMIN NGUYEN, incorporated a new business, AP NAIL LOUNGE, INC, and continued to operate at the principal address at 2592 W Indiantown Road, Jupiter, FL 33458.

8.      Defendants, ANNIE PHAN and BENJAMIN NGUYEN, continued to issue payment to employees, including WILLIAMS, for services performed at 2592 W Indiantown Road, Jupiter, FL 33458 through PASSION NAIL LOUNGE, INC.

9.     At all times material hereto and currently, Defendant, AP NAIL LOUNGE, INC, was/is duly authorized and licensed to do business in Palm Beach County, Florida, with its principal address at 2592 W Indiantown Road, Jupiter, FL 33458.

10.     DEFENDANTS had annual gross sales and/or business volume of $500,000 or more.

11.     At all material times hereto and currently, DEFENDANTS are the owners and operators of PASSION NAIL LOUNGE, a salon providing customers with nail services and drinks within its location in Palm Beach County

12.     In the course and scope of its business, DEFENDANTS employed at least two (2) employees within the meaning of the FLSA.

13.     In the course and scope of its business, DEFENDANTS had/has many employees who regularly handled, sold, rented, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

14.     In the course and scope of its business, DEFENDANTS engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

## GENERAL ALLEGATIONS

15.     Plaintiff, VICTORIA WILLIAMS, was employed as a Receptionist by DEFENDANTS from April 2022 through on or about September 6, 2022.

16.     DEFENDANTS failed to pay WILLIAMS her full and proper overtime wages for certain hours worked during her employment.

17.     Specifically, DEFENDANTS failed to pay or otherwise withheld from WILLIAMS her full amount of overtime earnings for the period starting on April 24, 2022 and ending on September 6, 2022.

18.     WILLIAMS is owed for working 289.65 hours of overtime, in which she was paid only her hourly rate ($16.00 per hour), not the lawful time and a half ($24.00 per hour). WILLIAMS is owed the remaining overtime rate (half time at $8.00 additional per hour) for those hours worked, totaling $2,317.20.

19.     The total amount due and owing to WILLIAMS is $2,317.20, which is subject to change as WILLIAMS engages in the discovery process, plus liquidated damages. A breakdown of this amount is attached hereto as **Exhibit A**.

20.     DEFENDANTS have knowingly and willingly refused to pay WILLIAMS her legally-entitled wages.

21.     To avoid paying WILLIAMS her legally-entitled wages, DEFENDANTS regularly paid WILLIAMS via check or Zelle transfer, failing to provide her any earnings statements or breakdown of her pay for hours worked.

22.     WILLIAMS has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

23.     WILLIAMS has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**

24.     Plaintiff, VICTORIA WILLIAMS, realleges and incorporates the allegations in paragraphs 1 through 23 above as if fully set forth herein.

25.     Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation

for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

26.     "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

27.     WILLIAMS brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) overtime wages as listed above, and (b) liquidated damages.

28.     At all relevant times, DEFENDANTS employed WILLIAMS within the meaning of the FLSA.

29.     During WILLIAMS' employment with DEFENDANTS, and at all times relevant to this action, WILLIAMS regularly worked overtime hours but was not paid time and one-half compensation for each additional hour she worked in excess of forty (40) hours per week.

30.     Specifically, WILLIAMS is owed for working at least 289.65 hours of overtime for DEFENDANTS.

31.     The total amount due and owing to WILLIAMS is $2,317.20, which is subject to change as WILLIAMS engages in the discovery process, plus liquidated damages. As noted in the General Allegations, a breakdown of this amount is included in ***Exhibit A***.

32.     DEFENDANTS' failure to pay WILLIAMS her overtime compensation from April 24, 2022 to September 6, 2022 is in direct violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

33.     DEFENDANTS' actions as alleged in this complaint have been willful and intentional. DEFENDANTS have not made a good faith effort to comply with the FLSA with respect to the compensation of WILLIAMS.

34.     WILLIAMS seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VICTORIA WILLIAMS, demands judgment against Defendants, AP NAIL LOUNGE, INC, a Florida Profit Corporation, PASSION NAIL LOUNGE, INC., a Florida Profit Corporation, ANNIE PHAN, in her individual capacity, and BENJAMIN NGUYEN, in his individual capacity, and requests the following relief:

(a) A judgment in favor of WILLIAMS for DEFENDANTS' violations of the FLSA;

(b) An order requiring DEFENDANTS to compensate WILLIAMS for unpaid overtime wages in the amount of $2,317.20 and for liquidated damages in the amount of an additional $2,317.20 under the FLSA;

(c) An award to WILLIAMS for all costs and reasonable attorneys' fees incurred in connection with this action;

(d) An injunction permanently enjoining DEFENDANTS and any applicable officers, agents, employees, assigns and all persons in active concert of participation with them, from engaging in any employment practices that violate the FLSA; and

(e) Any such additional or alternative relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, VICTORIA WILLIAMS, demands a trial by jury on all issues so triable.

Dated February 16, 2023.

Respectfully submitted,

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email**: samantha@sconzolawoffice.com
**Secondary Email**: alexa@sconzolawoffice.com